UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY ALAN DUNLAP,<br><br>                    Plaintiff,<br><br>v.<br><br>I.M.S.I. and DR. CAMPBELL,<br><br>                    Defendants. | Case No. 1:20-cv-00555-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Plaintiff Timothy Alan Dunlap is a prisoner under a death sentence who resides in the custody of the Idaho Department of Correction ("IDOC") at the Idaho Maximum Security Institution ("IMSI"). Plaintiff has filed a Complaint seeking federal asylum for the mentally insane and an Application to Proceed in Forma Pauperis. Dkts. 1, 3.

Plaintiff has "three strikes." The Prison Litigation Reform Act of 1995 introduced the "three strikes" provision to address the growing trend of frivolous civil rights actions filed by prison inmates. *See* Pub. L. No. 104-134, 110 Stat. 1321 (1996). This provision prohibits a prisoner from filing lawsuits or appeals in forma pauperis if he previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). The only exception is that a prisoner with three strikes may file an in forma pauperis action if he shows that he is in "imminent danger of serious physical injury." *Id*. If the prisoner is not in such danger, then he must pay the $400.00 filing fee at the time of filing.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

Plaintiff's case history shows that, prior to the date he filed the Complaint in this action, he brought at least three civil actions that were dismissed for failure to state a claim or as frivolous. *See, e.g., Dunlap v. Kohne*, Case No. 1:02-cv-00153-LMB; *Dunlap v. Henry*, Case No. 1:09-cv-00138-EJL; *Dunlap v. Shedd*, Case No. 1:10-cv-00165-REB; *Dunlap v. Southwick*, Case No. 1:10-cv-00213-REB; *Dunlap v. Sonnen*, Case No. 1:12-cv-00280-REB; *Dunlap v. Deters*, Case No. 1:16-cv-00406-REB; *Dunlap v. O'Connor*, Case No. 1:17-cv-00107-REB.[1] As a result, Plaintiff has at least three strikes under 28 U.S.C. § 1915(g).

In the instant action, Plaintiff claims that he is entitled to be placed in a "federal mental asylum." Dkt. 1. He asserts that his treating psychologist, Dr. Campbell, should be compelled to seek legal advice regarding whether Plaintiff should be placed in a "federal mental asylum." Plaintiff is a state prisoner. The Court is unaware of any valid legal cause of action supporting a claim to compel a state actor to recommend that a state prisoner be placed in a "federal asylum."

In his request to amend his Complaint, Plaintiff asserts that prison officials are engaged in a conspiracy to keep him out of the IMSI acute mental health unit by not placing him in the general population as required by the death penalty statutes. Idaho Code § 19-2705 (11) provides:

> When a person has been sentenced to death, but the death warrant has been stayed, the warden is not required to hold such person in solitary confinement or to restrict access to him until the stay of the death warrant is lifted or a new death warrant is issued by the sentencing court; provided

---

[1] Although some of the dockets in these cases spell Plaintiff's middle name differently, Plaintiff's prisoner identification number (35385) establishes that the same person—Plaintiff—filed all of these cases.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

> however, no condemned person shall be housed in less than
> maximum security confinement, and provided further that
> nothing in this section shall be construed to limit the warden's
> discretion to house such person under conditions more
> restrictive if necessary to ensure public safety or the safe,
> secure and orderly operation of the facility.

There is nothing in this statute that requires prison officials to place Plaintiff in a federal mental asylum or a particular housing unit of IMSI. Plaintiff asserts, in bare fashion, that prison officials are preventing him from receiving better psychiatric care by not placing him in a different unit. However, he has stated no allegations regarding the type of mental health treatment he is being provided in his current housing unit.

Plaintiff will be given leave to request and receive copies of his last six months of mental health treatment records from the prison medical unit; he shall submit those with an amended complaint if he desires to show that he "is in imminent danger of serious physical injury," which would permit him to proceed in forma pauperis. He must state the type of mental health treatment he is receiving in his current housing unit compared to the mental health treatment he would receive in the "acute mental health unit." He must also provide documentation showing that he has exhausted his administrative remedies through the prison grievance system, so that the Court can analyze how the prison has responded to Plaintiff's requests.

Plaintiff must provide sufficient factual allegations in his amended complaint to show an agreement among prison officials to keep him out of the acute mental health unit, and that the type of mental health care he currently receives has placed him at risk of "imminent danger of serious physical injury." The elements of a claim of conspiracy to deprive another of his civil rights are as follows: "(1) the existence of an express or

implied agreement among the [defendants] to deprive [the plaintiff] of his constitutional rights; and (2) an actual deprivation of those rights resulting from that agreement." *Ting v. U.S.*, 927 F.2d 1504, 1512 (9th Cir. 1991) (*Bivens* action relying on § 1983 case, *Dooley v. Reiss*, 736 F.2d 1392, 1394-95 (9th Cir. 1984)). A plaintiff must bring forward plausible factual allegations showing "an agreement or 'meeting of the minds' to violate constitutional rights." *See Fonda v. Gray*, 707 F.2d 435, 438 (1983) (citation omitted). Each conspirator "'need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Id.*

If Plaintiff chooses to amend the Complaint, the amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff's amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim."). If Plaintiff fails to file anything further, his Complaint will be dismissed for failure to state a claim.

# ORDER

**IT IS ORDERED:**

1.  If he desires to proceed in forma pauperis, within **60 days** after entry of this Order Plaintiff must file (1) an amended complaint to correct the deficiencies set forth above; (2) all offender concern forms, grievances, and grievance appeals showing exhaustion of administrative remedies related to his claims; (3) a copy of his mental health records for the last six months; and (4) a motion to review the amended complaint.

2.  Prison officials shall cooperate with Plaintiff to provide him with a copy of his mental health records for the past six months to submit with his amended complaint.

3.  Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 3) is presently DENIED as MOOT because Plaintiff has three strikes and has not shown imminent danger, nor has he stated a claim upon which relief can be granted.

4.  Plaintiff's Motion for a Jury Trial (Dkt. 5) is DENIED.

5.  Plaintiff's Motion to Stay for Trial (Dkt. 8) is DENIED.

6.  Plaintiff's Motion to Amend (Dkt. 9) is GRANTED, to the extent set forth herein.

7.  Plaintiff's Motion to Revise Prayer for Relief (Dkt. 10) is GRANTED, to the extent set forth herein.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

8.    Plaintiff's Motion to Appoint Ombudsman to Investigate (Dkt. 11) is

DENIED. Plaintiff is directed to use the prison grievance system to bring

his claims to the attention of prison officials.

DATED: March 5, 2021

B. Lynn Winmill
U.S. District Court Judge