UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY ALAN DUNLAP,<br><br>        Plaintiff,<br><br>v.<br><br>I.M.S.I. (Warden) and DR. CAMPBELL,<br><br>        Defendants. | Case No. 1:20-cv-00555-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE AND ORDER RE: TEMPORARY RESTRAINING ORDER MOTION BRIEFING** |

      Plaintiff Timothy Alan Dunlap is a prisoner under a death sentence who resides in the custody of the Idaho Department of Correction ("IDOC") at the Idaho Maximum Security Institution ("IMSI"). Plaintiff has filed an Amended Complaint asserting that he has requested that he be placed in the Acute Mental Health Unit of the prison as a result of his worsening mental health conditions. He also has filed mental health records that suggest mental health providers seem to have recommended the same, but the administration is reluctant to place him there as a result of his death sentence. The Court will liberally construe the "I.M.S.I" defendant to be the warden of I.M.S.I., and for the first stage of this litigation, will permit Plaintiff to proceed against the warden.

      Plaintiff has stated a viable civil rights claim and has met the "imminent danger" exception of the three strikes rule. Within thirty (30) days after entry of this Order, the parties shall report to the Court, via the filing of a notice, whether they believe that pre-

answer mediation with a United States Magistrate Judge would be helpful to resolve this case. If the parties are not interested in attending pre-answer mediation, Defendants shall respond to the pending Motion for Temporary Restraining Order (Dkt. 21) within 45 days after entry of this Order.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Enforce Court Order for Failure to Comply [with the requirement that Plaintiff be given access to his mental health records] (Dkt. 13) is DENIED as MOOT. Plaintiff has provided the Court with his mental health records.

2. Plaintiff's Motion for Status Conference (Dkt. 14) is DENIED.

3. Plaintiff Motions to Submit Exhibits (Dkts.15, 16, 17, 18, and 20) are GRANTED, to the extent that the Court has reviewed the exhibits in the screening of his pleadings.

4. Plaintiff may proceed on his Amended Complaint (Dkt. 19).

5. Defendant **the Warden of I.M.S.I.** will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Federal Rule of Civil Procedure 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of

Court will forward a copy of the Amended Complaint (Dkt. 19), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

    Mark Kubinski, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706 on behalf of Defendant **the Warden of I.M.S.I.**

6. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

7. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

8. Within thirty (30) days after entry of this Order, the parties shall report to the Court via the filing of a notice whether they believe that pre-answer mediation with a United States Magistrate Judge would be helpful in this case.

9. If the parties are not interested in attending pre-answer mediation, Defendants shall respond to the pending Motion for Temporary Restraining Order (Dkt. 21) within 45 days after entry of this Order.

DATED: May 4, 2021

B. Lynn Winmill
U.S. District Court Judge